IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

CYNTHIA ADVANI MARSHALL,

                                                                                                                      Plaintiff,

v.

                                                                Civil No: 3:20cv442

JOHN MARSHALL, et al.,

                                                                                          Defendants.

## **ANSWER OF JOHN MARSHALL**

COMES NOW defendant John Marshall (the "defendant"), by counsel, and for his Answer to the plaintiff's Complaint, without waiving his previously filed Motion to Dismiss, states as follows:

Preliminary and Jurisdictional Statement

1. The defendant denies the allegations of paragraph 1 of the plaintiff's Complaint.

2. The defendant admits that his father, Watson Melton Marshall ("Watson Marshall"), divorced the defendant's biological mother and then married the plaintiff. The defendant further admits that Watson Marshall told his children that he was a descendent of Chief Justice John Marshall, but the genealogy was never conclusively determined. The defendant also admits that a valid Emergency Protective Order ("EPO") was issued against the plaintiff by Watson Marshall, by and through his power of attorney, Robert Marshall ("Robert"), and through defendant Officer T. W. Holmes ("Holmes"). The defendant denies any remaining allegations of paragraph 2 of the plaintiff's Complaint.

<u>Parties</u>

3.	The defendant admits the allegations of paragraphs 3-5 of the plaintiff's Complaint

<u>Claim for Relief</u>

4.	The defendant has insufficient information to admit the allegations of paragraph 6 of the plaintiff's Complaint, and thus, denies the same.

5.	Upon information and belief, the defendant admits the allegations of paragraphs 7-8 of the plaintiff's Complaint.

6.	The defendant admits that he wrote the letter attached to the Complaint as Exhibit 1, but denies any remaining allegations of paragraph 9 of the plaintiff's Complaint. In response to footnote 2, the defendant specifically denies having (or having had) any animus toward the plaintiff based upon race.

7.	The defendant admits that he wrote the letter attached to the Complaint as Exhibit 3, in response to Watson Marshall indicating that he would not see his biological family unless the plaintiff was present, but denies any remaining allegations of paragraph 10 of the plaintiff's Complaint.

8.	The defendant admits that Watson Marshall signed the letter attached to the Complaint as Exhibit 4, but denies any remaining allegations of paragraph 11 of the plaintiff's Complaint.

9.	The defendant admits that the Marshall defendants did not undergo counseling with Watson Marshall. The defendant further admits that he routinely picked up Watson Marshall from the 7603 Parkline address to see him and to take him out for meals, and also

admits that he did not enter the residence. The defendant denies any remaining allegations of paragraph 12 of the plaintiff's Complaint.

10. The defendant has insufficient information to admit the allegations of paragraphs 13-17 of the plaintiff's Complaint, with the exception of admitting that Watson Marshall was admitted to the hospital for treatment, and thus, denies the same.

11. The defendant admits the allegations of paragraph 18 of the plaintiff's Complaint.

12. The defendant has insufficient information to admit the allegations of paragraphs 19-20 of the plaintiff's Complaint, and thus, denies the same.

13. The defendant denies the allegations of paragraphs 21-23 of the plaintiff's Complaint.

14. The defendant admits that on or about July 21, 2018, Watson Marshall asked John Marshall to ask Watson Marshall's prior divorce lawyer, John H. Goots, Esquire, to draft a new power of attorney form. The defendant denies any remaining allegations of paragraph 24 of the plaintiff's Complaint.

15. The defendant admits that on or about July 21, 2018, Watson Marshall signed and initialed a new power of attorney form and a new advance medical directive that his attorney, John H. Goots, Esquire, drafted at his request. The defendant also admits that Watson Marshall passed on August 8, 2018. The defendant denies any remaining allegations of paragraph 25 of the plaintiff's Complaint.

16. The defendant admits that on or about July 23, 2018, Watson Marshall filed, by and through his attorney, John H. Goots, Esquire, a Complaint in the Henrico County Circuit Court seeking a divorce from the plaintiff. Watson Marshall's Complaint, among other things, alleged that he had been "hospitalized at the VCU Medical Center since on or about July 18,

2018" due to the plaintiff's refusal to supply him "with the proper nutrition," which amounted "to elder abuse and cruelty." The defendant further admits that he is (and was) a sitting judge in the Henrico Circuit Court. The defendant denies any remaining allegations of paragraph 26 of the plaintiff's Complaint.

17. The defendant does not know whether Watson Marshall or his attorney took any further action in the divorce case after the initial filing(s), and thus, denies the allegations of paragraph 27 of the plaintiff's Complaint. The defendant further specifically denies that John H. Goots, Esquire was his counsel or counsel for the Marshall defendants with respect to Watson Marshall's Complaint for divorce, as alleged in paragraph 27.

18. The defendant admits that <u>Watson Marshall</u> conferred with the hospital staff and security personnel to ensure that the plaintiff was not allowed to visit him in the hospital, but denies any remaining allegations of paragraphs 28 of the plaintiff's Complaint.

19. The defendant admits that the plaintiff attempted to gain access to Watson Marshall at the hospital on or about July 25, 2018 after she had been served with the divorce Complaint and was advised by hospital personnel that Watson Marshall had made arrangements to bar her from visiting him. In doing so, the plaintiff forced her way into Watson Marshall's hospital room with an unknown male, along with a hidden video camera. The plaintiff was then told by a black male security officer that she needed to leave, and that he had personally put the plaintiff on the list of prohibited visitors at Watson Marshall's request after he spoke with Mr. Marshall. The defendant denies any remaining allegations of paragraph 29 of the plaintiff's Complaint.

20. The defendant has insufficient information to admit the allegations of paragraph 30 of the plaintiff's Complaint, and thus, denies the same.

21. The defendant admits that on or about July 25, 2018, Brenda Marshall ("Brenda") told the plaintiff that she was not supposed to be present in Watson Marshall's hospital room and that the plaintiff was further told by hospital staff/security that she had been barred from visiting Watson Marshall by Mr. Marshall and that she needed to leave, but has insufficient information to admit any remaining allegations of paragraph 31 of the plaintiff's Complaint, and thus, denies the same and calls for strict proof thereof.

22. Upon information and belief, the defendant admits that Brenda called for hospital security, which told the plaintiff that she needed to leave, but has insufficient information to admit any remaining allegations of paragraph 32 of the plaintiff's Complaint, and thus, denies the same and calls for strict proof thereof. The defendant specifically denies that he "called for hospital security."

23. The defendant has insufficient information to admit the allegations of paragraph 33 of the plaintiff's Complaint, and thus, denies the same and calls for strict proof thereof.

24. Upon information and belief, the defendant admits the allegations of paragraph 34 of the plaintiff's Complaint, whereas those were the wishes of Watson Marshall.

25. The defendant admits that Watson Marshall, by and through his power of attorney, Robert, and with assistance from Holmes, sought an EPO after the plaintiff violated the no visitation rule at the hospital. The defendant denies any remaining allegations of paragraph 35 of the plaintiff's Complaint.

26. The defendant admits that an EPO can be issued without prior notice to a respondent, and states that 16.1-253.4 of the Code of Virginia speaks for itself. The defendant further admits that Robert completed documentation for the EPO as power of attorney for

Watson Marshall, who could not personally appear for a hearing due to his hospitalization. The defendant denies any remaining allegations of paragraph 36 of the plaintiff's Complaint.

27. The defendant admits that Holmes obtained the EPO with documentation from Watson Marshall, by and through his power of attorney, Robert Marshall, since Watson Marshall could not personally appear for a hearing due to his hospitalization. The defendant denies any remaining allegations of paragraph 37 of the plaintiff's Complaint.

28. The defendant denies the allegations of paragraph 38 of the plaintiff's Complaint.

29. The defendant admits the factual accuracy of the allegations of paragraph 39 of the plaintiff's Complaint, but denies any adverse implication(s) of paragraph 39 of the plaintiff's Complaint.

30. The defendant admits that Watson Marshall, by and through his power of attorney, Robert Marshall, and Holmes completed Criminal Complaints and that Watson Marshall, by and through his power of attorney Robert Marshall, also completed an Affidavit, but has insufficient information to admit any remaining allegations of paragraph 40 of the plaintiff's Complaint, and thus, denies the same.

31. Upon information and belief, the defendant admits the allegations of paragraph 41 of the plaintiff's Complaint.

32. The defendant denies the allegations of paragraph 42 of the plaintiff's Complaint, and specifically denies that "defendants traded on the fact" that the defendant "was a Henrico Circuit Court judge." Further, this defendant did not complete any documents pertaining to the EPO, nor did he appear at the hearing.

33. The defendant denies the allegations of paragraphs 43-45 of the plaintiff's Complaint. The defendant specifically denies that he was aware as to how Watson Marshall and

his attorney planned to proceed in the divorce action and/or that he was aware of the specific contents of the divorce filing.

34. The defendant admits that the EPO obtained by Watson Marshall, by and through his power of attorney, Robert Marshall, and Holmes ultimately granted possession of the 7603 Parkline Drive address to Watson Marshall during the period of the EPO, but denies any remaining allegations of paragraph 46 of the plaintiff's Complaint.

35. The defendant has insufficient information to admit the allegations of paragraph 47 of the plaintiff's Complaint, and thus, denies the same and calls for strict proof thereof. The defendant specifically denies that John H. Goots, Esquire was "the Marshall family lawyer."

36. The defendant denies the allegations of paragraphs 48-52 of the plaintiff's Complaint.

37. The defendant admits the allegations of paragraph 53 of the plaintiff's Complaint.

38. The defendant admits that Holmes executed the EPO at some point after its issuance. The defendant has insufficient information to admit any remaining allegations of paragraph 54 of the plaintiff's Complaint, and thus, denies the same.

39. The defendant denies the allegations of paragraphs 55-56 of the plaintiff's Complaint.

40. The defendant has insufficient information to admit the allegations of paragraphs 57-58 of the plaintiff's Complaint, and thus, denies the same.

41. The defendant denies the allegations of paragraph 59 of the plaintiff's Complaint.

42. The defendant has insufficient information to admit the allegations of paragraphs 60-61 of the plaintiff's Complaint, and thus, denies the same.

43. The defendant admits that Watson Marshall, by and through his power of attorney, Robert, and possibly defendant Andrea Voehringer ("Andrea") legally entered Watson Marshall's home, but denies any remaining allegations of paragraph 62 of the plaintiff's Complaint. The defendant specifically denies that any entry by Watson Marshall, by and through his power of attorney, Robert, and/or Andrea was for any improper purpose.

44. Upon information and belief, the defendant admits that Andrea legally entered Watson Marshall's home on or about July 27, 2018, but denies any remaining allegations of paragraph 63 of the plaintiff's Complaint. The defendant specifically denies that any entry by Andrea was for any improper purpose.

45. The defendant has insufficient information to admit the allegations of paragraph 64 of the plaintiff's Complaint, and thus, denies the same.

46 Upon information and belief, the defendant admits that Andrea legally obtained some of Watson Marshall's documents/property from Watson Marshall's home on or about July 27, 2018, but denies any remaining allegations of paragraph 65 of the plaintiff's Complaint. The defendant specifically denies that any entry by Andrea or removal of Watson Marshall's documents/property was for any improper purpose.

47. The defendant has insufficient information to admit the allegations of paragraphs 66-70 of the plaintiff's Complaint, and thus, denies the same.

48. The defendant admits that Watson Marshall, by and through his power of attorney, Robert, removed a television that belonged to, and was purchased on the credit card of, Watson Marshall, but denies any remaining allegations of paragraph 71 of the plaintiff's Complaint.

49. The defendant has insufficient information to admit the allegations of paragraph 72 of the plaintiff's Complaint, and thus, denies the same.

50. The defendant denies the allegations of paragraph 73 of the plaintiff's Complaint.

51. The defendant admits that Watson Marshall, by and through his power of attorney, Robert, removed a television that belonged to, and was purchased on the credit card of, Watson Marshall, but denies any remaining allegations of paragraph 74 of the plaintiff's Complaint.

52. The defendant admits that a hearing took place on or about July 30, 2018 as to a Preliminary Protective Order ("PPO"), but denies any remaining allegations of paragraph 75 of the plaintiff's Complaint.

53. The defendant admits that a judge (as opposed to a magistrate) presided over the PPO hearing, and found that "a preliminary protective order is warranted," but that exclusive possession of the 7603 Parkline premises were not granted to Watson Marshall. The defendant denies any remaining allegations of paragraph 76 of the plaintiff's Complaint.

54. The defendant admits that Watson Marshall's mail was forwarded from the 7603 Parkline address since he no longer intended to reside there, but denies any remaining allegations of paragraph 77 of the plaintiff's Complaint.

55. The defendant admits that the plaintiff improperly purchased airline tickets on Watson Marshall's credit card, but denies any remaining allegations of paragraph 78 of the plaintiff's Complaint.

56. The defendant admits the allegations of paragraph 79 of the plaintiff's Complaint.

57. The defendant admits that there was a hearing regarding the disposition of Watson Marshall's remains on or about August 9, 2018, but denies any remaining allegations of paragraph 80 of the plaintiff's Complaint.

58. The defendant denies the allegations of paragraph 81 of the plaintiff's Complaint.

59. The defendant has insufficient information to admit the allegations of paragraphs 82-83 of the plaintiff's Complaint, and thus, denies the same.

60. The defendant denies the allegations of paragraph 84 of the plaintiff's Complaint.

61. The defendant denies the allegations of paragraph 85 of the plaintiff's Complaint.

62. The defendant admits that the obituary attached as Exhibit 6 to the plaintiff's Complaint was published, but denies any remaining allegations of paragraph 86 of the plaintiff's Complaint.

63. The defendant admits that there was a memorial ceremony, but denies that any internment took place. The defendant further states that the plaintiff was granted a portion of Watson Marshall's remains pursuant to an agreed Court Order, and that she could have had any ceremony she saw fit. The defendant further admits that the plaintiff published her own obituary. The defendant denies any remaining allegations of paragraph 87 of the plaintiff's Complaint.

64. The defendant has insufficient information to admit the allegations of paragraph 88 of the plaintiff's Complaint, and thus, denies the same.

65. The defendant denies the allegations of paragraphs 89-90 of the plaintiff's Complaint.

Count I

66. The defendant denies the allegations of paragraph 91 of the plaintiff's Complaint.

Count II

67. The defendant denies the allegations of paragraph 92 of the plaintiff's Complaint.

Count III

68. The defendant denies the allegations of (second) paragraph 91 of the plaintiff's Complaint.

Count IV(a)

69. The defendant denies the allegations of (second) paragraph 92 of the plaintiff's Complaint.

Count IV(b)

70. The defendant denies the allegations of paragraph 93 of the plaintiff's Complaint.

Count V

71. The defendant denies the allegations of paragraph 94 of the plaintiff's Complaint.

Count VI

72. The defendant denies the allegations of paragraph 95 of the plaintiff's Complaint.

Count VII

73. The defendant denies the allegations of paragraph 96 of the plaintiff's Complaint.

Count VII

74. The defendant denies the allegations of paragraph 97 of the plaintiff's Complaint.

75. The defendant denies being liable for any of the relief requested in the plaintiff's Complaint, including, but not limited to, attorney's fees, costs, pre-judgment interest, compensatory damages and/or punitive damages

76. The defendant denies any allegations of the plaintiff's Complaint that were not expressly admitted above and denies being liable to the plaintiff under any theory recovery.

A trial by jury is requested.

## Affirmative Defenses

77. The defendant affirmatively alleges that the plaintiff is guilty of unclean hands and will rely upon any equitable defenses, including any defenses pled by the co-defendants.

78. The defendant affirmatively alleges that the 7603 Parkline residence was owned by Watson Marshall and the plaintiff as tenants by the entirety (as admitted by the plaintiff in paragraph 8), and that the Complaint's repeated references to that residence as "Ms. Marshall's home" are false and misleading.

79. The defendant will rely upon his Motion to Dismiss, as previously filed.

80. The defendant reserves his right to enlarge and/or modify this Answer at any time during these proceedings, and to rely upon any and all affirmative defenses not raised hereinabove.

WHEREFORE, defendant John Marshall, demands judgment in his favor against the plaintiff and requests the costs and attorney's fees on his behalf expended.

JOHN MARSHALL
By Counsel

/s/ Justin S. Gravatt
Justin S. Gravatt, Esquire
Virginia State Bar Number 65506
Caroline V. Davis, Esquire
Virginia State Bar Number 48123
David L. Hauck, Esquire
Virginia State Bar Number 20565
DUANE, HAUCK, DAVIS, GRAVATT &
CAMPBELL, P.C.
100 West Franklin Street, Suite 100
Richmond, Virginia 23220
(804) 644-7400 Telephone
(804) 303-8911 Facsimile
jgravatt@dhdgclaw.com
cdavis@dhdgclaw.com
dhauck@dhdgclaw.com
*Counsel for John Marshall*

CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of October 2020, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to:

Victor M. Glasberg, Esquire (VSB No.: 16184)
Bernadette E. Valdellon, *pro hac* pending
Victor M. Glasberg & Associates
121 S. Columbus Street
Alexandria, Virginia 22314
(703) 684-1100 Telephone
(703) 684-1104 Facsimile
vmg@robinhoodesq.com
bev@robinhoodesq.com
*Counsel for Plaintiff*

S. Keith Barker, Esquire (VSB No.: 19513)
S. Keith Barker, P.C.
4908 Dominion Boulevard, Suite K
Glen Allen, Virginia 23060
(804) 934-0550 Telephone
(804) 346-5338 Facsimile
keithbarker@richmondlaw.net
*Counsel for Robert Marshall*

William D. Bayliss, Esquire (VSB No.: 13741)
Joseph E. Blackburn, III, Esquire (81871)
Williams Mullen
Williams Mullen Center
200 South 10th Street, Suite 1600
Richmond, Virginia 23219
(804) 420-6459 Telephone
(804) 420-6507 Facsimile
bbayliss@williamsmullen.com

Irving M. Blank, Esquire (VSB No.: 05256)
Blank & Marcus, LLC
1804 Staples Mill Road
Richmond, Virginia 23230
(804) 355-0691 Telephone
(804) 353-1839 Facsimile
irvblank@blankmarcus.com
*Counsel for Andrea Marshall Voehringer*

jblackburn@williamsmullen.com
*Counsel for Brenda Marshall Thompson*

Robert A. Canfield, Esquire
Canfield Wells, LLP
4124 E. Parham Road
Henrico, Virginia 23228
(804) 673-6600 Telephone
(804) 673-6604 Facsimile
bob@cwkllp.com
*Counsel for Brenda Marshall Thompson*

John D. McChesney, Esq. (VSB No.:44326)
Henrico County Attorney's Office
P.O. Box 90775
Henrico, Virginia 23273
(804) 501-4677 Telephone
(804) 501-4140 Facsimile
mcc121@henrico.us
*Counsel for T. W. Holmes*

/s/ Justin S. Gravatt
Justin S. Gravatt, Esquire
Virginia State Bar Number 65506
Caroline V. Davis, Esquire
Virginia State Bar Number 48123
David L. Hauck, Esquire
Virginia State Bar Number 20565
DUANE, HAUCK, DAVIS, GRAVATT & CAMPBELL, P.C.
100 West Franklin Street, Suite 100
Richmond, Virginia 23220
(804) 644-7400 Telephone
(804) 303-8911 Facsimile
jgravatt@dhdgclaw.com
cdavis@dhdgclaw.com
dhauck@dhdgclaw.com
*Counsel for John Marshall*