UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

(Richmond Division)

| | |
|---|---|
| CYNTHIA ADVANI MARSHALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case # 3:20-cv-442 (DJN) |
| | ) |
| JOHN MARSHALL, *et al.,* | ) |
| | ) |
| Defendants. | ) |

RESPONSE TO DEFENDANT JOHN MARSHALL'S CORRECTION
OF HIS REPLY BRIEF IN SUPPORT OF HIS MOTION TO DISMISS

Plaintiff Cynthia Marshall, by counsel, responds as as follows to the "Correction to Defendant John Marshal's Reply Brief in Support of Motion to Dismiss" (ECF 60).

Background

The complaint in this case alleges, in pertinent part, as follows:

88. A one-time lump-sum payment of $255 is available from Social Security to a surviving spouse who was living with the deceased at the time of the deceased's death. When, in due course, Ms. Marshall enquired about that payment, she was informed by the Social Security officials with whom she spoke, to her shock and mortification, that it had already been paid to someone identified as Mr. Marshall's surviving spouse. In support of her claim that she, and no other woman, was indeed her late husband's widow, Ms. Marshall was directed to provide information and documentation attesting to her marriage, Mr. Watson's 2015 divorce from Annie Marshall, and her driver's license. In due course she was advised that Social Security had "made a mistake because of misinformation" and that she would receive the modest benefits at issue.

89. On information and belief, the Marshall defendants conspired fraudulently to submit to Social Security their mother's name as their father's surviving spouse, in all likelihood without informing their mother of the fraud. These action by the Marshall defendants amounted to more of their malicious effort utterly to disconnect Ms. Marshall from her late husband.

No other Social Security benefits have been put at issue by Ms. Marshall.[1]

John Marshall's reply brief (ECF 57), at its eighth page, represents to this court that plaintiff Cynthia Marshall "entirely misstates the law as it relates to Social Security surviving spouse benefits," and that the Marshall defendants' mother was in fact "entitled to surviving spouse social security benefits regardless of her divorce from Watson Marshall and his subsequent remarriage."  No legal authority appears in support of this contention.

The operative law, appearing at 42 U.S.C. §402(i), 20 C.F.R. §404-391 and 20 C.F.R. §404-345; *see also Code of Va.* §2-111.1, supports Ms. Marshall's claim that the Marshall defendants' mother was not, in fact, entitled to receive the $255 surviving spouse benefit at issue – the only Social Security benefits mentioned in the complaint.  Following his review of John Marshall's reply brief, the undersigned brought this authority to the attention of opposing counsel and asked counsel to retract the contention, at the eighth page, that Ms. Marshall's allegation concerning the diversion of the $255 to which she was entitled was "outrageous and baseless."  Counsel wrote: "I think it is necessary for the judge to be advised that an incorrect statement has been made in support of the motion to dismiss. Were this to happen to me, I would want to be able to make the correction myself, rather than having it made by my opposition."  The undersigned wrote further:

> [E]ither (if you are willing) show me why my reading of the law is wrong, in which case I will stand corrected as to the law and you will prevail on the specific point at issue, or correct your statement and retract your claim that Cynthia Marshall was not, as she claims, the sole proper beneficiary of the benefit at issue.

The correction was then filed without input from the undersigned.  This response follows.

---

[1] Benefits other than the $255 for surviving spouses may be available to the Marshall defendants' mother as a result of the death of Watson Marshall.  None is at issue in this lawsuit.

-2-

The "Correction" Made To Date is Insufficient and Misleading

Ms. Marshall appreciates the correction, such as it is, of John Marshall's reply brief. But it does not address the sole matter of consequence: that Cynthia Marshall correctly stated her sole entitlement to the $255 benefit, and properly condemned the diversion thereof to the Marshall defendants' mother. Her allegation to this effect was neither "outrageous" nor "baseless," nor should it have been challenged.[2] Since no other Social Security benefits have been put at issue by Cynthia Marshall, the broad brush reference in the correction – as in the reply brief itself – to unidentified "Social Security benefits" is irrelevant at best and misleading at worst. At issue is not $255. It is the integrity of the litigants at bar.

Since John Marshall has not retracted his assertion that Cynthia Marshall falsely claimed sole entitlement to the benefits at issue; since his ambiguous correction, lacking any citation to legal authority, yet permits the conclusion that Ms. Marshall's claim in this regard is, as defendants contend, "baseless" and "misstates the law"; and in the belief that the parties should direct the court to appropriate authorities to support their contentions, Ms. Marshall submits this response to John Marshall's correction of his brief.

---

[2]As for the allegation that John Marshall gave false information of consequence to the benefit at issue, it is he who is named on Watson Marshall's initial death certificate as the source of the information thereon, which incorrectly gives the address of Watson Marshall's former wife Annie Marshall as Watson's address. A death certificate must be remitted in order for the $255 benefit at issue to be paid. A corrected death certificate was subsequently issued, properly naming the address where Watson and Cynthia Marshall lived. At the direction of the court, the documents at issue, which defendants will presumably not contest, will be filed.

                                                                     Respectfully submitted,

                                                                     CYNTHIA ADVANI MARSHALL,

                                                                     By counsel

Dated:   October 26, 2020

Counsel for Plaintiff:


//s// Victor M. Glasberg
Victor M. Glasberg, #16184
Victor M. Glasberg & Associates
121 S. Columbus Street
Alexandria, VA  22314
703.684.1100 / Fax: 703.684.1104
vmg@robinhoodesq.com

MarshallCynthia\Drafts\AnswerToRobertMarshallDiscoveryRq#1(2020-1005)

Certificate of Service

      I, Victor M. Glasberg, hereby certify that a true copy of plaintiff's Response to John Marshall's Correction of his Reply Brief in Support of His Motion to Dismiss was filed with the clerk's ECF system, which will notify all counsel of record of same, on this 26th day of October 2020:

Irving Blank, Esq.
George O.Y. Naylor, Esq.
Blank & Marcus, LLC
1804 Staples Mill Road
Richmond, VA 23230
804.355.0691 / Fax: 804.353.1839
gnaylor@blankmarcus.com
   Counsel for Andrea Marshall Voehringer

William D. Bayliss, Esq.
Joseph E. Blackbum , III, Esq.
Williams, Mullen, Clark & Dobbins, P.C.
P. O. Box 1320
Richmond, VA 23218-1320
bbayliss@williamsmullen.com
jblackbum@williamsmullen.com
804.420.6000 / Fax: 804.420.6507
   Counsel for Brenda Marshall Thompson

Justin S. Gravatt, Esq.
Caroline V. Davis, Esq.
Dane, Hauck, Davis, Gravatt
  & Campbell, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220
804.644.7400 / Fax: 804.303.8911
jgravatt@dhdgclaw.com
cdavis@dhdgclaw.com
   Counsel for John Marshall

S. Keith Barker, Esq.
S. Keith Barker, P.C.
4908 Dominion Boulevard, Suite K
Glen Allen, VA 23060
804.934.0550 / Fax: 804.346.5338
keithbarker@richmondlaw.net
   Counsel for Robert Marshall

John D. McChesney,
P.O. Box 90775
Henrico, VA 23273-0775
804.501.4677 / Fax: 804.501.4140
mcc121@henrico.us
   Counsel for T.W. Holmes

                                        //s// Victor M. Glasberg
                                        Victor M. Glasberg, #16184
                                        Victor M. Glasberg & Associates
                                        121 S. Columbus Street
                                        Alexandria, VA 22314
                                        703.684.1100 / Fax: 703.684.1104
                                        vmg@robinhoodesq.com

                                        Counsel for Plaintiff